NOT FOR PUBLICATION                                                                           CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HOFFMAN, : | |
| : | Civil Action No. 04-3640(SDW) |
| Petitioner, : | |
| v. : | OPINION |
| STATE OF NEW JERSEY and : | |
| PETER C. HARVEY, ATTORNEY : | |
| GENERAL OF NEW JERSEY : | June 19, 2008 |
| Respondents. : | |

**WIGENTON, District Judge**

Before the Court is a motion for issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1). The Court having considered the parties' submissions denies this matter without oral argument pursuant to Fed. R. Civ. P. 78.

On January 23, 2008, this Court denied Mr. Hoffman's ("Petitioner") motion for writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below the Court denies Petitioner's motion for a certificate of appealability.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2253.

1

**LEGAL STANDARD**

Standard of Review

A District Court Judge is authorized to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and F.R.A.P. 22(b).  A motion for certificate of appealability is addressed to the sound discretion of the District Court Judge. *Wilks v. Young*, 586 F.Supp. 413 (E.D. Wis. 1984). "The issuance of a certificate is not a matter of right and may be denied where it appears on the face of petition that an appeal is without substantial merit." *Claudio v. Paul*, 1987 U.S. Dist. LEXIS 9681 (3d Cir. 1987)(citing *Wilks v. Young*, 586 F.Supp. 413 (1984)). "Although neither § 2253 nor F.R.A.P. 22(b) provides a test to be used by the District Court in deciding whether to grant or deny a motion for a certificate of appealability, both the statute and the rule envision a process through which frivolous appeals are screened out." 586 F.Supp. 413, 416.

In the Third Circuit, a certificate of appealability should be issued from the denial of a petition for habeas corpus "only if the Petitioner makes (1) a credible showing that the district Court's procedural rule was incorrect; and 2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." *Morris v. Horn,* 187 F.3d 333, 340 (3d Cir. 1999).  To make the necessary substantial showing, Petitioner must show that "reasonable jurists could debate, or even agree, that the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(citing *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

**PROCEDURAL HISTORY**

In December 1993, Petitioner plead guilty to second degree burglary and felony murder.

*(*Pet'r Mem. 3.) On March 25, 1994, Petitioner was sentenced to concurrent thirty-year and ten-year sentences for the crimes to which he pled guilty. (Pet'r Mem. 3.)  On August 10, 1999 Petitioner filled out a petition asking for appointment of counsel. (Mot. Tr. 6, Jan. 11, 2008.)  Thereafter, on May 22, 2000, Petitioner filed a post-conviction relief ("PCR") petition in state Court alleging constitutional violations, including that he was coerced by state officials into a confession and guilty plea, and that his Court-appointed attorney was ineffective at both plea and sentencing. *(*Mot. Tr. 7.)  The petition was procedurally barred by the state court as an untimely filing under the limitations set forth under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On January 23, 2008, this Court denied Petitioner's petition for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *(*Mot. Tr. 2.)

**DISCUSSION**

The central issue before this Court is whether Petitioner has demonstrated a credible showing that this Court's procedural ruling was incorrect and a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights to warrant issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1).  This Court finds there is no basis to extend the statute of limitations or relax R. 3:22-12 of the New Jersey Rules of Court due to excusable neglect or exceptional circumstances as a result of ineffective counsel.  Petitioner has also failed to demonstrate a substantial showing of denial of constitutional rights.

Pursuant to R. 3:22-12, "a petition to correct an illegal sentence may be filed at any time. No other petition shall be filed pursuant to this rule more than five years after rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond

3

said time was due to defendant's excusable neglect." R. 3:22-12.  As such, Petitioner should have filed his habeas corpus petition five years after his sentence on March 25, 1994.  However, Petitioner did not file for PCR until May 2000. (Pet'r Mem. 7.)  Petitioner alleges that the statute of limitations should be tolled because excusable neglect exists as the delay was caused by the public defender, who did not provide him the PCR forms or inform Petitioner of the five-year statute of limitations. *(*Pet'r Mem. 2.)

The limitation period for filing a petition for habeas corpus under AEDPA may be equitably tolled if "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Satterfield v. Johnson,* 434 F.3d 185, 195 (3d Cir. 2006) (citing *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)).  Petitioner was advised by the public defender that the "only mechanism for developing the issues you want raised is PCR" and told Petitioner to notify her if he wanted a PCR motion filed on his behalf.  (Ltr. from Dep. Pub. Defender, Sept. 5, 1996.)   Petitioner's counsel advised that she "will continue to review the materials and get back to you as soon as I have completed." ( Ltr. from Dep. Pub. Defender, Dec. 11, 1996.)  However, Petitioner "was not given false information.  He was not told that the petition had been filed. He certainly could have filed the papers on his own." ( Mot. Tr. 12, Jan. 11, 2008.)

The delay, at least in part, was caused by Petitioner's own failure to act.[1]   Specifically, Petitioner waited two and a half  years before he first mentioned that he wished to pursue PCR in

---

[1] When Petitioner did fill out the *pro se* PCR form, he did not need assistance from the public defender. (Mot. Tr. 12, Jan. 11, 2008.)

his June 25, 1999 letter to the public defender.[2] In addition, there is no evidence of correspondence between Petitioner and his counsel during this time to evidence the existence of neglect. Thus, this delay should not be deemed excusable and would not rise to a level of an exceptional circumstance that warrants tolling of the statute.[3] (Mot. Tr. 20, Jan. 11, 2008.)

Even if Petitioner was not procedurally barred, the petition for PCR is substantively barred based on the two-part Strickland test for demonstrating ineffective counsel in *Strickland v. Washington.* 466 U.S. 668 (1984). To establish a prima facie claim of ineffective assistance of counsel, "First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. Prejudice must be proved by showing there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner alleges that the first prong is satisfied since the public defender "effectively withdrew from her representation of Mr. Hoffman without communicating that withdrawal to either Mr. Hoffman or the Court for three years." (Pet'r Mem. 10.) The Sixth Amendment right to

---

[2] In *Schlueter v. Varner*, the Court rejected Petitioner's claim that he was misled by what his counsel said he "would do" and not what he actually did. 384 F.3d 69, 76 (3d. Cir. 2004)(holding that equitable tolling was not warranted where Petitioner waited nine years to file a petition for habeas corpus).

[3] Respondent's counsel noted that even an attorney's miscalculation of the five-year statute of limitation does not rise to the level of establishing that petitioner is entitled to equitable tolling. (Mot. Tr. 12, Jan. 11, 2008); *see Lawrence v. Florida*,_ U.S. _, 127 S.Ct. 1079, 1085 (2007) ("attorney miscalculation is not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel"); *Johnson v. Hendricks*, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where petitioner relied on erroneous advice from his state public defender that he had one year to file his federal habeas petition); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (noting that "in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.")

counsel is the right to the effective assistance of counsel, and "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. at 686. While it appears that Petitioner's counsel did not communicate with him for two and one-half years, this does not necessarily demonstrate that but for counsel's error, the result of his proceeding would have been different.[4] However, the record also indicates that Petitioner waited two and one-half years to inquire about his PCR.[5] Petitioner also claims that the second prong is sufficiently demonstrated because his defense was prejudiced by his inability to file a motion to suppress. (Mot. Tr. 9, Jan. 11, 2008.) Specifically, Petitioner claims that his counsel did not inform him that he could suppress his confession. *(*Mot. Tr. 9*,* Jan. 11, 2008.) However, the record supports a finding that even absent Petitioner's confession, there was sufficient proof for a conviction. (Petr.'s Resp. Ex. 9 at 10).

     Petitioner has also failed to satisfy the second prong because he has not demonstrated that his counsel's deficient performance during the plea and sentencing hearings prejudiced his defense. Specifically, there is no evidence indicating that Petitioner did not voluntarily enter a guilty plea or was ill-advised by his counsel before Judge Wertheimer at his sentencing. At the plea hearing, Petitioner was asked whether he signed the plea form voluntarily, whether he spoke with his attorney before signing the forms, whether he was satisfied with his attorney's services, and whether

---

[4] In *Villot v. Varnier*, the Court held that "the fact that plea counsel did not meet with Villot for eleven months is not necessarily inadequate communication because Villot's counsel took advantage of available opportunities to discuss the case with Villot.." 465 F.Supp.2d 439, 19 (3d Cir. 2004).

[5] The record does not evidence that Petitioner put forth an effort to communicate with his counsel during this two and a half year period, even though Petitioner claims that he "continued to write J. Van Pelt as to the PCR and received no response."( Pet'r Mem. 6.)

any threats or other inducements have been made to influence him to plead guilty. N.J. Super. Ct. App. Div., at 5-7 (May 16, 2002).  Petitioner answered in the affirmative to the first three questions and negative to the last question. *Id.* at 5-7.  Petitioner's claim that his answers during his plea hearing were the result of "wanting to get the proceedings over with" is not sufficient to show that he did not enter into his plea voluntarily.  (Petr.'s Resp. Ex. 9 at 11).   Petitioner alleges that he "was suffering from the effects of heroin use" when he confessed and entered a guilty plea. (Pet'r Mem. 15.)  Petitioner also alleges that his guilty plea was induced by outside pressures, including his mother's hospitalization for stress.  (Pet'r Writ of Habeas Corpus 5, Apr. 11, 2005 .)  However, the record does not support a finding that Petitioner entered a guilty plea as a result of coercion. *State v. Timmendequas*, 161 N.J. 515, 613 (1999)(holding that defendant knowingly and voluntarily waived his constitutional rights because he could read and write, confessed upon his own free will, and understood all that occurred to him).  Instead, the record demonstrates that Petitioner's counsel during his plea and sentencing was effective and Petitioner knowingly and voluntarily entered into a guilty plea.  Therefore, Petitioner has not shown that but for his counsel's ineffective assistance, he would have prevailed.

**CONCLUSION**

      For the foregoing reasons, the Court will deny Petitioner's request for a Certificate of Appealability.

                                      s/Susan D. Wigenton, U.S.D.J.